UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 99-08061-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ALFONSO LINTON,

        Defendant.

_____/

FILED by _____ D.C.

MAR 19 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER AND
## REPORT AND RECOMMENDATION

The Defendant, ALFONSO LINTON, appeared before the Court on March 15, 2010, represented by counsel, for a final hearing on violation of supervised release. The Defendant was initially convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On August 25, 2000, the Defendant was sentenced to 121 months in prison, to be followed by a term of three years of supervised release. After serving the prison portion of his sentence, the Defendant commenced supervised release on May 15, 2008.

The Defendant is now charged with violating supervised release by failing to refrain from violation of the law. The violation arises from the Defendant's arrest on October 18, 2009, on a charge of battery causing bodily harm, in violation of Florida Statute § 784.03(1)(a)(2).

### FINAL HEARING

At the final hearing, the Government relied on the testimony from the preliminary hearing as establishing that the Defendant violated his supervised release by punching Tasha Johnson in the

1

face on October 18, 2009.[1] The Defendant called four witnesses to testify. The Court also heard from Tasha Johnson, who wished to independently address the Court.

WPB Officer Micki Allen

Officer Micki Allen testified first. Officer Allen has been employed with the West Palm Beach Police Department since May 2007. Prior to that, he worked for the United States Coast Guard for four years. On October 18, 2009, Officer Allen was assisting Officer Eugene Jones with an auto burglary investigation at the 600 block of 8th street in West Palm Beach, when he saw two cars – a blue Chevy Impala followed by a gray Pontiac – traveling at a high rate of speed. Officer Jones called in the high-speed car chase to dispatch. Officer Allen recalled that Officer Jones reported gun shots being fired based on a loud noise he heard. As it turned out, the noise Officer Jones heard was caused when the cars stopped and one of the Pontiac's tires blew a flat.

The cars were first observed traveling northbound on Rosemary Avenue. After circling the block, the two cars stopped in front of Officer Allen. The Defendant, who was the driver of the gray Pontiac, got out of his car and yelled "they hit me." At that point, the blue Impala went into reverse and drove backwards at a high rate of speed until it crashed into a parked car. The Defendant ran after the blue Impala. Officer Allen chased the Defendant. Officer Allen observed a black female exit the Impala's passenger side. Then, Officer Allen saw the Defendant punch her in the face, causing her to fall to the ground. He acknowledged his prior testimony that he was approximately

---

[1] The three witnesses who testified were Tasha Johnson, U.S. Probation Officer Judith Guthrie, and West Palm Beach Police Officer Micki Allen. This testimony is summarized in the Court's Detention Order and Order Finding Probable Cause (DE 68), filed November 12, 2009. Defendant objected to the Government's reliance on Probation Officer Guthrie's testimony because she was not present to testify at the final hearing. While noting that her testimony was subject to cross-examination at the preliminary hearing by the Defendant's prior counsel, the Court concludes that the Defendant violated his supervised release without regard to Probation Officer Guthrie's testimony.

50 feet away when he saw the Defendant punch the victim, but explained that this was an approximation. After going back to measure the distance, Officer Allen testified that he actually observed the punch from 163 feet away. Officer Allen could not recall if the Impala's lights were on or off as he approached. After the Defendant punched the female victim, Officer Allen saw him run around the Impala and north on Sapodilla Avenue to chase the Impala's male driver. The Defendant ran out of Officer Allen's sight, and Officer Allen ran back to his police car to drive it to the accident. By the time he returned, the victim, Tasha Johnson, had driven away in the Impala. Officer Allen could not specifically recall, but he believes that he had told Tasha Johnson to stay put. Another officer tracked down the Impala being driven by Tasha Johnson and told her to return to the scene. The Defendant also returned to the scene. Officers never discovered the identity of the male driver of the Impala – all they were told is that his name was "Tony."

The Defendant told the officers that he did not hit Tasha Johnson, and that he was only going after the guy that she was with. According to Officer Allen, Tasha Johnson did not appear to be visibly injured and declined the officer's offer to call EMS, but he is certain that the Defendant punched her in the face with a closed fist. Officer Allen saw her fall to the ground. He stated that there was nothing blocking his vision and the area was well-illuminated.

<u>WPB Officer Arthur Bullard</u>

Officer Arthur Bullard testified next. Officer Bullard has been employed with the West Palm Beach Police Department for ten years. Officer Bullard stated that he was the senior shift supervisor on October 18, 2009, which he recalled was a busy night: the police were investigating the report of a dead body found in a house, there were kids trapped in a car, and multiple auto burglaries had been reported. When Officer Jones called in the high-speed car chase, Officer Bullard knew

something serious was going on based on the inflection in Officer Jones' voice and his reference to "shots being fired." Officer Bullard knew that Officer Allen was in the area assisting Officer Jones with an auto burglary. Officer Bullard first went to the intersection of 6th Street and Douglas Avenue, where another officer had pulled over Tasha Johnson after she fled the scene of the high-speed car chase. Officer Allen talked to Tasha Johnson, who was driving on a suspended license. She was visibly shaken and upset. Tasha Johnson indicated that the Defendant had been chasing the car she was in. Officer Allen did not issue a ticket. He followed Johnson back to the area where the high-speed car chase had occurred. Upon arriving on scene, Officer Allen told Officer Bullard that he witnessed the Defendant punch Tasha Johnson, and that the two were co-habitating. Thus, the Defendant was charged with domestic battery.

Officer Bullard stated that the Defendant is a former schoolmate. Officer Bullard also knew Tasha Johnson from before he became a West Palm Beach police officer. The two were "social friends." Officer Bullard admitted to having talked to Tasha Johnson on his personal cell phone a couple of days later. In these calls, Johnson told him that she feared for her life and safety. She told him that the Defendant had broken into her apartment. She sought information about how to obtain a restraining order against the Defendant. Officer Bullard testified that he did not know the Defendant was on federal probation. He further testified that he did not tell Johnson to fill out a written statement, nor did he instruct her on how to have the Defendant arrested.

WPB Officer Eugene Jones

Officer Eugene Jones testified next. Officer Jones has been an officer with the West Palm Beach Police Department since January 2007. On October 18, 2009, Officer Jones was investigating an auto burglary in a field where cars park near the Sunset Club, when he observed two cars chasing

4

one another at a high rate of speed. The cars were headed north on Rosemary Avenue. Officer Jones notified dispatch of "suspicious activity." He testified that one of the car's tires blew out, which sounded like a gun shot. He saw the Defendant get out of his car and chase the other car.

U.S. Probation Officer Omar Borges

Omar Borges supervises the Defendant. Borges testified that the Defendant commenced supervised release on May 15, 2008. Borges visited the Defendant at his home twice. Until now, he has had no problems with his supervision. Borges testified that his supervisor, Judith Guthrie, requested that the Court issue a warrant for the Defendant's arrest based on her conversations with Tasha Johnson. During those conversations, Johnson stated that she feared for her life. Borges acknowledged signing the petition for warrant. He derived the information in the petition from the police report, including Johnson's refusal of medical treatment and refusal to allow photographs of her. Borges did not speak with Officers Allen or Bullard before submitting the petition.

Tasha Johnson

Tasha Johnson independently addressed the Court. Johnson was the Defendant's girlfriend and the alleged victim of the instant battery charge. She is a convicted felon, and admitted that Defendant knows this. She claims to have never lived with the Defendant. Johnson stated that Officer Bullard knew the Defendant was on federal probation. She stated that she had a relationship with Officer Bullard. As such, she called him to discuss the Defendant's case, and for general advice. She indicated that some of her statements to the probation officers were not truthful and that the Defendant did not previously beat her up. According to Johnson, her mother and cousin pressured her into going to the probation office because they felt that the Defendant owed them money. Johnson indicated that she later told a probation officer that she did not want "to go through

5

with this."

Johnson admitted that she went to the probation office after the Defendant's arrest and gave a signed, written statement indicating that the Defendant sent her threatening phone calls and text messages. She further admitted to having testified in Court about the letter, however she had difficulty recalling what exactly was in the letter. She maintains that her mother and cousin pressured her into signing the statement because they wanted money from the Defendant. She agreed that she showed the probation officers threatening text messages from the Defendant, but now claims that the messages were not threatening after all. She agreed that the Defendant verbally said that "Black was looking for her" and that the Defendant either told her or sent her messages indicating that he was "gonna f— her up."

## DISCUSSION

The Court finds, by clear and convincing evidence, that the Defendant violated his supervised release. Officer Allen testified that he observed a high-speed car chase involving the Defendant. After the car chase, Officer Allen saw the Defendant get out of his car, run towards the other car, and intentionally punch Tasha Johnson in the face with a closed fist as she got out of the other car. According to Officer Allen's testimony, the Defendant punched Tasha Johnson with such force that she immediately fell to the ground. Officer Allen observed Tasha Johnson on the ground. This evidence sufficiently establishes that the Defendant committed a battery under Florida state law and, thus, violated his supervised release by failing to refrain from violation of the law.

The Defendant makes a series of arguments, all of which the Court finds unconvincing. First, the Defendant challenges Officer Allen's testimony, arguing that there are discrepancies between his police report and dispatcher reports regarding the time of the incident. The Court does not find the

minor discrepancies, a matter of mere minutes, to be a valid reason to discredit Officer Allen's testimony. To the contrary, the Court finds Officer Allen's testimony in this matter to be consistent, reliable, and credible.

Next, the Defendant points to Officer Bullard's testimony about his personal relationship and continuous communications with Tasha Johnson in support of the theory that Officer Bullard instructed Tasha Johnson on how to get the Defendant arrested so that Officer Bullard could re-kindle his relationship with her. The Court is not convinced. While the Court finds that Officer Bullard's conduct was less than professional, the Court heard no testimony to show that his relationship or communications with the victim had any relevant impact on this matter.

Third, the Defendant argues that the testimony at the final hearing is consistent with a finding that the Defendant unintentionally ran into Tasha Johnson during his pursuit of the other car's driver. The Defendant further argues that the Defendant's return to the scene of the incident is inconsistent with a finding that he intentionally punched Tasha Johnson. The Court finds this argument to be without merit. Officer Allen credibly testified that the Defendant intentionally punched Tasha Johnson in the face, causing her to fall to the ground. The fact that the Defendant returned to the crime scene is of no consequence.

Lastly, the Defendant argues that his charge of battery causing bodily harm is inconsistent with Officer Allen's testimony that Tasha Johnson did not appear visibly injured. Florida's simple battery statute provides:

> (1)(a) The offense of battery occurs when a person:
> 1. Actually and intentionally touches or strikes another person against the will of the other; or
> 2. Intentionally causes bodily harm to another person.

§ 784.03(1), Fla. Stat. (2009). The Defendant is charged with committing battery causing bodily harm. The Court finds that the Defendant's conduct – intentionally punching Tasha Johnson in the face with enough physical force to knock her to the ground – clearly constitutes the crime of battery under Florida law. The absence of testimony or evidence showing that she had visible injuries after the punch does not alter the Court's analysis.

Based on the foregoing, the Court concludes, by clear and convincing evidence, that the Defendant violated his supervised release and, thus, RECOMMENDS that the District Court find Defendant guilty of the violation. The Court further RECOMMENDS that the matter be set down for sentencing before the District Court.

The Clerk is ORDERED to set this matter before the sentencing calendar of the Honorable United States District Judge Daniel T.K. Hurley.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T.K. Hurley, within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir. 1982) cert. denied, 460 U.S. 1087 (1983).

DONE and ORDERED and DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this __19__ day of March, 2010.

/s/ Ann E. Vitunac
ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
AUSA Karen Atkinson
Jeffrey Cox, Esq. (CJA)
U.S. Probation
U.S. Marshal